IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.   Criminal No. 3:24cr41 (DJN)

MUHAMMAD PAHLAWAN, *et al.*,
Defendants.

## ORDER
### (Granting Government's Unopposed Motion to Extend Discovery Deadline)

This matter comes before the Court on the United States of America's (the "Government") Motion to Extend Discovery Deadline ("Motion" (ECF No. 36)). On March 25, 2024, the Court scheduled depositions and related deadlines for material witnesses in this case under Federal Rule of Criminal Procedure 15. (ECF No. 30.) In relevant part, the Court ordered that the depositions be taken in May 2024 and that the Government provide the necessary discovery for the Rule 15 depositions no later than April 3, 2024. (*Id.*) The Government has now filed the instant unopposed Motion, setting forth various reasons to continue the discovery deadline. For the reasons stated below, the Court hereby GRANTS the Government's Motion (ECF No. 36).

18 U.S.C. § 3144 provides that a witness may be detained where, as here, "the testimony of [the witness] is material in a criminal proceeding" and "it may become impracticable to secure the presence of the [witness] by subpoena." 18 U.S.C. § 3144. A material witness may not be detained, however, "if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." *Id.* The governing statute further provides that release may be delayed "for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." *Id.* As to what constitutes a "reasonable period of time," Section 3144 imposes "no express time

limit" for the detention of a material witness. *United States v. Awadallah*, 349 F.3d 42, 62 (2d Cir. 2003) (concluding that a material witness connected with the September 11 terrorist attacks was properly detained when he was held for "several weeks" without being allowed to give his deposition and obtain release); *see also United States v. Allie*, 978 F.2d 1401, 1405 (5th Cir. 1992) (upholding a standing order that defined a reasonable time for detention as 60 days).

Here, the Court finds that extending the discovery deadline is necessary to ensure adequate preparation for the Rule 15 depositions. Accordingly, the Court hereby GRANTS the Government's Motion (ECF No. 36). Counsel for the Government, defendants and material witnesses shall be responsible for rescheduling the depositions in September 2024 with Magistrate Judge Colombell. The Government shall provide all necessary discovery for the Rule 15 depositions no later than August 9, 2024.

The Court further reiterates the Government's obligations under Federal Rule of Criminal Procedure 46, which requires a "biweekly report" to the court listing each material witness held in custody for more than ten days and justifying the continued detention of each witness. Such a measure "tend[s] to ensure that material witnesses are detained no longer than necessary." *Awadallah*, 349 F.3d at 62.

Let the Clerk file a copy of this Order electronically in this case, as well as each of the material witness cases, and notify all counsel of record in this case as well as the material witness cases.

It is so ORDERED.

\_\_\_/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Date: April 1, 2024